UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80636-CIV-RYSKAMP
MAGISTRATE JUDGE P.A. WHITE

ELIAS MORALES,                       :

       Plaintiff,               :

v.                                   :   <u>PRELIMINARY REPORT</u>
                                                                 <u>OF MAGISTRATE JUDGE</u>
PALM BEACH COUNTY SHERIFF'S
OFFICE, ET AL.,                      :

       Defendants.              :
_____

## I. Introduction

The plaintiff Elias Morales, currently housed at the Palm Beach County Jail, has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983. [DE #1]. The plaintiff has been granted leave to proceed <u>in forma pauperis</u>.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

\* \* \*

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

\*   \*   \*

(B) the action or appeal –

\*   \*   \*

(i)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state

a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.  The plaintiff is required to plead facts that show more than the "mere possibility of

misconduct." Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id.

The plaintiff names as defendants Palm Beach County Deputy Sheriff Castillo and Palm Beach County Sheriff Ric L. Bradshaw. The plaintiff alleges that on January 27, 2009 at the Palm beach County Jail after the plaintiff was in an argument with Deputy Castillo, Deputy Castillo on two occasions sprayed the plaintiff and his cellmates with chemical spray through the cell door for no reason.  The plaintiff states that this caused him to have breathing problems and burning.  The plaintiff also alleges that in an effort to cover up the spraying, the deputy falsified a report indicating that the plaintiff had grabbed her jacket.  The plaintiff seeks to hold Sheriff Bradshaw liable for failing to properly train Deputy Castillo.  He seeks compensatory and punitive damages.

Claims of excessive force by law enforcement officials are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. Fundiller v. City of Cooper City, 777 F.2d 1436 (11 Cir. 1985).  If the plaintiff was a detainee at the time of the alleged events, his claims would arise under the Fourteenth Amendment, though the case law developed with regard to the Eighth Amendment prohibitions against cruel and unusual punishment is analogous. Cook ex. rel Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1115 (11 Cir. 2005);

4

see also Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11 Cir. 1985).

The plaintiff has raised minimally sufficient facts, under the Twombly standard so that a claim of unconstitutional use of force in violation of the Eighth or Fourteenth Amendment against the defendant Deputy Castillo, based on the facts discussed above, should proceed beyond this initial screening.

The plaintiff has failed to state a constitutional claim with regard to the alleged false disciplinary report, which the plaintiff states was overturned.

There are two situations in which a prisoner, who has already been deprived of liberty in the traditional sense, can be further deprived of his liberty such that due process is required. "The first is when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court. The second situation is when the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Kirby v. Siegelman, 195 F.3d 1285, 1290-91 (11 Cir. 1999) (per curiam) (internal citations and quotations omitted). However, even if a prisoner is further deprived of his liberty, thus requiring due process, it is well established that "the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." McKinney v. Pate, 20 F.3d 1550, 1557 (11 Cir. 1994)(en banc); Bass v. Perrin, 170 F.3d 1312, 1319 (11 Cir. 1999).

The plaintiff apparently had the benefit of an appeal process, which he used, and his disciplinary conviction was subsequently overturned. Therefore, if in fact there were any procedural deprivations, any errors were cured by the institutional appeals process and the plaintiff cannot set forth a constitutional claim for relief.

Finally, the plaintiff has failed to raise a constitutional claim against Sheriff Bradshaw. The plaintiff cannot include him as a defendant in this action because he holds a supervisory position. Public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. Robertson v. Sichel, 127 U.S. 507 (1888); Byrd v. Clark, 783 F.2d 1002, 1008 (11 Cir. 1986). Nor can liability be predicated solely upon the doctrine of respondeat superior in a §1983 action. Monell v. Department of Social Services, 436 U.S. 658 (1978); Vineyard v. County of Murray, Georgia, 990 F.2d 1207 (11 Cir. 1993).

Under appropriate circumstances the failure to adequately train may give rise to a claim cognizable under §1983, see City of Canton, Ohio v. Harris, 489 U.S. 378 (1989). Mere conclusory allegations of failure to train, however, are not enough; and the courts have generally held that there is no affirmative constitutional duty on the part of a supervising public official to train, supervise, or discipline subordinates so as to prevent constitutional torts, except where the supervisor has contemporaneous knowledge of an offending incident or knowledge of a prior pattern of similar incidents, and circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate. See Chinchello v. Fenton, 805 F.2d 126, 133-34 (3 Cir. 1986). The Eleventh Circuit has held that nothing less than a showing of gross negligence is

6

required to establish liability for inadequate training. Cannon v. Taylor, 782 F.2d 947, 951 (11 Cir. 1986).

Moreover, the courts have required that the plaintiff must "identify a deficiency in a training program closely related to the injury complained of and must further show that the injury would have been avoided 'under a program that was not deficient in the identified respect.'" Gordon v. Kidd, 971 F.2d 1087, 1097 (4 Cir. 1992) (quoting City of Canton, supra, 489 U.S. at 391).  Finally, in order to recover on a claim of failure to train, the plaintiff must show 1) that the [supervisor] failed to train, 2) that a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights, and 3) that such failure to supervise or train amounted to gross negligence or deliberate indifference. Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5 Cir. 1986).

The plaintiff has not satisfied these requirements because he raises only unsupported and conclusory allegations of failure to train, which is insufficient to state a constitutional claim. The plaintiff does not allege facts that tend to show that there was any gross negligence or deliberate indifference on the part of Sheriff Bradshaw that resulted in any deprivation of constitutional rights.

Accordingly, the complaint against Sheriff Bradshaw is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

7

III.  Conclusion

Based on the foregoing, it is recommended that:

1) the defendant Sheriff Bradshaw be dismissed as a party to this action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted;

2) the claim of denial of due process in the disciplinary proceedings be dismissed as a party to this action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted; and

2) the claim concerning excessive use of force against the defendant Deputy Castillo remain pending.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 6th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Elias Morales, Pro Se
    No. 037853
    Palm Beach County Jail
    P. O. Box 24716
    West Palm Beach, FL 33416